

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 11, 1962

Honorable Robert S. Calvert       Opinion No. WW1381
Comptroller of Public Accounts
Austin, Texas                     Re:  Whether funds in Work-
                                       men's Compensation Fund
                                       No. 94 are available for
                                       transfer to the Central
Dear Mr. Calvert:                      Education Agency.

        You have requested an opinion from this office upon
the question of whether, under the facts hereinafter set forth,
there are funds available in Workmen's Compensation Fund No. 94
which may be transferred to the Central Education Agency pur-
suant to the provisions of Senate Bill 1, Acts of the 57th Leg-
islature, First Called Session, 1961, chapter 62, page 287.

        Senate Bill 1, in the departmental appropriation to
the Central Education Agency, provides that:

        "(3)  Out of any balances remaining in the
    Workmen's Compensation Fund (No.94) over and
    above the amounts appropriated to the Industrial
    Accident Board by Article III of this Act, there
    is also appropriated to said Board for transfer
    by interagency agreement to the Central Education
    Agency to be used in the rehabilitation of in-
    jured workmen pursuant to H.B. No. 433, Fifty-
    fifth Legislature, R.S., 1957, such sums as may
    be available but not to exceed . . . $45,000."
    (Emphasis added)

        Senate Bill 1, in the departmental appropriation to
the Industrial Accident Board, provides that:

        "From revenues received during the biennium
    beginning September 1, 1961, and any balances on
    hand at the beginning of each fiscal year of said
    biennium, the above itemized appropriations are
    to be paid from the following funds:

        " . . .

                        ⎰For the years Ending
                        August 31,          August 31,
                           1962                1963⎱

        " . . .

"Workmen's Compensation
    Fund No. 94             265,000         265,000"

In connection with these provisions of Senate Bill 1 your letter reveals that the revenues received by Workmen's Compensation Fund No. 94 is on a calendar year basis and the deposits to this fund, except for certain small interest deposits, are made during the spring months. The deposits to this fund have, over the past five (5) years, averaged $262,000 per year, and for the calendar year 1961 the deposits totaled $276,579. The deposits for calendar year 1961 were made during the spring months of 1962, and the present balance in Workmen's Compensation Fund No. 94 exceeds the amount necessary for the Industrial Accident Board's operations until the end of its fiscal year on August 31, 1962. Furthermore, the present balance in Workmen's Compensation Fund No. 94 is sufficient to make a transfer of funds to the Central Education Agency provided that it can be "assumed" that adequate deposits will be made to Workmen's Compensation Fund No. 94 during the spring months of 1963 to cover the Industrial Accident Board's appropriated expenditures during the last half of fiscal year 1963. At the beginning of the present biennium on September 1, 1961, there was a balance of $143,531 in Workmen's Compensation Fund No. 94.

The appropriation contained in Senate Bill 1 to the Industrial Accident Board from Workmen's Compensation Fund No. 94 is in itself based upon anticipated or assumed revenues which will be deposited in this fund during the course of the biennium. As the actual revenues to this fund are incapable of being more than estimated, the Legislature itself would have had to rely upon past deposits to this fund in determining future revenues to the fund which would be available for appropriation during the present biennium. This being the case, we can see no objections to a determination that funds are available for transfer to the Central Education Agency from Workmen's Compensation Fund No. 94, based upon assumed revenues to Workmen's Compensation Fund No. 94 during the remainder of the present biennium.

The determination of whether funds will be available for transfer out of Workmen's Compensation Fund No. 94 to the Central Education Agency must of necessity be based upon anticipated revenues to the fund in conjunction with specific appropriations out of the fund and existing balances in the fund. To eliminate anticipated revenue, based upon past experience, in making a determination of whether funds will be available for transfer would be tantamount to the Legislature authorizing a transfer of the funds and at the same time denying the means to attain the end result.

This office held in Attorney General's Opinion No. WW-779 (1960) that the transfer of funds from Workmen's Compensation Fund No. 94 to the Central Education Agency, pursuant to language identical to that contained in Senate Bill 1, was a valid transfer of such funds. As House Bill 433, Acts of the 55th Legislature, Regular Session, 1957 (codified as Article 8306, Section 7, Vernon's Civil Statutes) contemplates and Senate Bill 1 authorizes, the transfer of funds from Workmen's Compensation Fund No. 94 to the Central Education Agency, it must follow that in the language of Attorney General's Opinion No. WW-779 (1960) that:

> ". . .Whenever a power and duty is given by statute everything necessary to make it effectual or requisite to attain the end is implied, such grants being construed so as to include the authority to do all things necessary to accomplish the objects of the grant. . . .",

is applicable to the present question also.

Consequently, anticipated revenues to Workmen's Compensation Fund No. 94 can be taken into consideration in determining whether funds are available for transfer to the Central Education Agency from Workmen's Compensation Fund No. 94.

### S U M M A R Y

Anticipated revenues to Workmen's Compensation Fund No. 94 can be taken into consideration in determining whether funds are available for transfer to the Central Education Agency from Workmen's Compensation Fund No. 94.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Pat Bailey
Assistant

PB:wb:mkh

APPROVED:
OPINION COMMITTEE

Honorable Robert S. Calvert, page 4 (WW-1381)


W. V. Geppert, Chairman
John Reeves
Elmer McVey
Tom Hunter

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore